# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BODNAR,<br><br>      Plaintiff,<br><br>   v.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>      Defendants. | Case No.  1:14-cv-00232-LJO-SAB<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |

Plaintiff Thomas Bodnar ("Plaintiff"), appearing pro se, filed this action on February 21, 2014.  (ECF No. 1.)  Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1391(b):

> **(b)** **Venue in general.**--A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated....

Plaintiff's complaint alleges that all of the defendants reside in Riverside, California, which is located in the Central District of California.  Moreover, the events alleged took place in Riverside, California.  Plaintiff does not allege that any defendant resides within this judicial district or that a substantial part of the events or omissions giving rise to the claim occurred within this district.  Accordingly, venue is not proper in this district.  Plaintiff's complaint should

1  have been filed in the United States District Court for the Central District of California.  The
2  Court will transfer this action to the Central District of California.  28 U.S.C. § 1406(a);
3  Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-67 (1962).
4        Accordingly, it is HEREBY ORDERED that this matter is transferred to the United
5  States District Court for the Central District of California.

7  IT IS SO ORDERED.

8  Dated:   **February 24, 2014**

   UNITED STATES MAGISTRATE JUDGE

2